UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE PHILIP HERTZOG, JR.,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

No. C11-5850 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: December 23, 2011**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254 challenging his 1999 convictions for first degree rape of a child, first degree incest of a child, and first degree child molestation. ECF No. 5. The Court has determined that the petition is successive and should be transferred to the Ninth Circuit.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661-662 (2001). Title 28 U.S.C. § 2244(b) provides, in part:

> **(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed**.
>
> **(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –**

REPORT AND RECOMMENDATION - 1

      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Title 28 U.S.C. § 2244(b) (Emphasis added.)

The core principle underlying § 2244(b) is that, absent extraordinary circumstances, a federal habeas petitioner will have only one opportunity to litigate a federal habeas petition. At a minimum, a subsequent federal petition filed by a prisoner who has already received one adjudication of a habeas petition constitutes a "second or successive application" within the meaning of § 2244(b). A request for authorization to file such a repetitive petition under § 2244(b)(3) must be denied unless the petitioner's claims fall within one of the two narrow exceptions set forth in § 2244(b)(2). In the absence of proper authorization from the Court of Appeals, a district court lacks jurisdiction to consider a habeas corpus petition that is a second or successive one within the meaning of § 2244(b). *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). This Court may transfer a second or successive petition erroneously filed with the district court to the Ninth Circuit for its "gatekeeper" review under § 2244(b)(3).

28 U.S.C. § 2244(b)(3)(A) creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas

REPORT AND RECOMMENDATION - 2

application in the district court." *Id*. The applicant must make a prima facie showing that the application satisfies the requirements of § 2244(b). *Id*.

Mr. Hertzog filed his first federal habeas petition for relief in May, 2006. *Hertzog v. Maggie Miller-Stout,* U.S. District Court Case No. C06-5287 RJB. This Court denied the petition with prejudice after concluding that his petition was time-barred. *See* ECF Nos. 28 and 29.

The dismissal of Mr. Hertzog's first petition triggers the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. *McNabb v. Yates*, 576 F.3d 1028, 1039 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1052-54 (9th Cir. 2005). Because this Court denied his prior petition with prejudice, his current petition is a second petition under 28 U.S.C. § 2244(b). *Burton v. Stewart*, 549 U.S. 147, 152-157 (2007). Mr. Herzog must obtain permission from the Ninth Circuit before he may file his current petition. *Id*. Until the Ninth Circuit issues permission to file the petition, this Court lacks jurisdiction to consider the petition. The Court may transfer the Ninth Circuit for consideration as an application for leave to file a successive petition pursuant to Ninth Circuit Rule 22-3(a), which states:

> (a) Application. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Therefore, this Court lacks jurisdiction and should transfer the petition to the Ninth Circuit for consideration as an application for leave to file a successive petition.

REPORT AND RECOMMENDATION - 3

**CONCLUSION**

The Court should transfer this habeas corpus petition to the Ninth Circuit Court of Appeals as a second or successive petition, pursuant to Ninth Circuit Rule 22-3(a), and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 23, 2011**, as noted in the caption.

 DATED this  30th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge